-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMELLO ALLEN, 99-A-3928,

        Plaintiff,

    -v-                         05-CV-0327Sc

                                       **ORDER**

SUPERINTENDENT, CALVIN WEST,
SERGEANT GRAY, CORRECTION OFFICER BRYAN,
CORRRECTION WINISKI, CORRECTION OFFICER WILLET,
CORRECTION OFFICER HALLENREN,
CORRECTION OFFICER LONGWELL,
CORRECTION OFFICER BAILEY,
REGISTERED NURSE BRINK,
being sued in their indvidual capacity,

        Defendants.

---

## INTRODUCTION

Plaintiff, Ramello Allen, an inmate of the Elmira Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 5). Plaintiff claims that the defendants, various Correctional Officers, the Superintendent and a Registered Nurse at Elmira, violated his rights when they failed to protect him from an assault by another inmate, assaulted him and failed to treat his injuries as a result of the assaults. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his claims alleging a failure to protect and against Superintendent West are dismissed pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint.   In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor.  *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).   Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957);  *and see* Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76

2

(2d Cir.1994)).   Based on its evaluation of the complaint, the Court finds that plaintiff's claims alleging a failure to protect and those against Superintendent West must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

### A.  Plaintiff's Allegations

Plaintiff alleges that while he was taking a shower while on keep-lock status a mentally ill inmate entered the shower and began to assault him, at which time defendants Bailey, Longwell, Hallenren, Willett, Winiski, Bryan and Gray, all correctional officers at Elmira, began punching and kicking plaintiff on his head, back, hip, legs and shoulders.   It is also alleged that defendant Brink, a Registered Nurse at Elmira, refused to provide plaintiff with any medical care for his injuries.

As to Superintendent West, plaintiff alleges that he failed to take any disciplinary action against the defendant correctional officers who assaulted him and who failed to follow Departmental directives regarding the filing of use of force reports and photographing an inmate's injuries.   There are no allegations that West was involved in the alleged physical assault or failure to protect plaintiff from the inmate assault.

### 1.  Failure to Protect Claim

While the Eighth Amendment to the United States Constitution imposes an obligation on prison officials to "take reasonable

3

measures to guarantee the safety of inmates in their custody,"
Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 620 (2d
Cir.1996) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994),
"[not] every injury suffered by one prisoner at the hands of
another that translates into constitutional liability for prison
officials responsible for the victim's safety." Farmer, 511 U.S.
at 833. In order to establish a constitutional violation on the
part of prison officials based on an assault at the hands of
another inmate, an inmate must establish both that "he is
incarcerated under conditions posing a substantial risk of serious
harm[,]" Hayes, 84 F.3d at 620, and that prison officials were
deliberately indifferent to the risk of serious harm. Id. A
prison official is deliberately indifferent when "he has knowledge
that an inmate faces a substantial risk of serious harm and he
disregards that risk by failing to take reasonable measures to
abate the harm." Id.

The instant complaint fails to sufficiently allege a failure
to protect claim against the defendant correctional officers
because there are no allegations that the defendants had knowledge
that plaintiff was at a risk of being assaulted by another inmate.
The complaint makes no allegations of any knowledge on the part of
the defendants that plaintiff was in danger of serious physical
harm at the hands of the inmate who assaulted him. Plaintiff
alleges only that while taking a shower he was assaulted by another

4

inmate and that defendants did not follow protocol in adequately supervising the keep-lock shower area.  This is not sufficient to allege a claim that defendants were deliberately indifferent to a known risk of serious harm.  Defendants are simply not alleged to have been on notice of an impending attack, see Washington v. Rockland County Jail, No. 02 Civ. 7091NRB, 2004 WL 936758, at * 2 (S.D.N.Y., April 30, 2004).

Apr 30, 2004 ( and, accordingly, plaintiff's failure to protect claim must be dismissed.[1]  Also, because plaintiff clearly relies on a theory that defendants did not adequately supervise the shower area, which does not establish an Eighth Amendment claim, an opportunity to amend the complaint would be futile.  See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam).

### 2.  **Claims Against Superintendent West**

It is axiomatic that a prison official is not subject to liability under section 1983 "[a]bsent some personal involvement . . . in the allegedly unlawful conduct of his subordinates." Gill v. Mooney, 824 F.2d 192, 196 (2d Cir.1987).  The only allegation against Superintendent West is that he failed to take any disciplinary action against the defendant correctional officers

---

[1]To the extent that the complaint can be construed liberally to allege a claim based on defendants's failure to follow departmental directives or protocol regarding the supervision of keep-lock or the filing of use of force reports, including photograph's of an inmate's injuries, said claim must be dismissed because a failure to follow departmental directives or prison rules does not give rise to a constitutional violation.  See Rivera v. Wohlrab, 232 F.Supp.2d 117, 123 (S.D.N.Y.2002); Claudio v. Herbert, No. 01-CV-0120SR, 2005 WL 327106, at *11 (W.D.N.Y., Feb 10, 2005).

regarding their alleged excessive force and their alleged failure to follow Departmental directives following the alleged assault relating to use of force reports and photographing plaintiff's injuries.   These allegations do not establish in any way that Superintendent West was personally involved in the alleged assault by the correctional officers under his overall supervision or the alleged failure to provide medical care following the assault. *See* Malloy v. City of New York, 1996 WL 648927 at *2 (S.D.N.Y. Nov. 7, 1996) (holding that warden's alleged failure to investigate assault by correctional officer did not give rise to constitutional violation, where plaintiff failed to show that warden could have anticipated or had other direct involvement in the assault); *see also* Monell v. New York City Department of Social Services, 436 U.S. 658, 691-95 (1978) (Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action.); Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim. Accordingly, plaintiff's claims against Superintendent West must be dismissed in their entirety.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the

6

filing fee, his request to proceed *in forma pauperis* is hereby granted.  For the reasons discussed above, plaintiff's failure to protect claim and his claims against Superintendent West, in their entirety, are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on defendants Bailey, Longwell, Hallenren, Willett, Winiski, Bryan, Gray and Brink regarding the remaining claims of excessive force or assault and Brink's failure to provide any medical care for plaintiff's injuries.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's failure to protect claim and his claims against Superintendent West, in their entirety, are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendant Superintendent West as a party to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Correctional Officers Bailey, Longwell, Hallenren, Willett, Winiski, Bryan and Gray, and Registered Nurse Brink without plaintiff's payment

therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    April 5, 2006
          Rochester, New York